# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **Cheryl Dean Riley**<br>**Clerk of Court** | **OFFICE OF THE CLERK OF COURT**<br>**POST OFFICE BOX 471**<br>**WHEELING, WEST VIRGINIA 26003**<br>**(304) 232-0011**<br>**Facsimile (304) 233-2185** | **Michelle Widmer-Eby**<br>**Chief Deputy Clerk** |

September 29, 2021

Via CM/ECF
Wells Fargo Bank, N.A.
c/o Peter G. Zurbuch
Busch, Zurbuch & Thompson, PLLC
PO Box 1819
Elkins, WV 26241

Via U.S. Mail
John Wayne Cogswell
532 Valley Mill Road
Winchester, VA 22602-6245

Via U.S. Mail
Clyde D. Pendleton, Jr.
283 Shickle Lane
Inwood, WV 25428

Via U.S. Mail
Molly Sue Pendleton
283 Shickle Lane
Inwood, WV 25428

Via CM/ECF
United States of America
c/o Megan E. Hoffman-Logsdon
U.S. Dept. of Justice - Tax Division
PO Box 227
Ben Franklin Station
Washington, DC 20044
and
Tara Noel Tighe
U.S. Attorney's Office - Wheeling
PO Box 591
Wheeling, WV 26003

   In Re: Wells Fargo Bank, N.A. v. United States of America, et al.
       Civil Action No. 3:16-cv-153

Dear Wells Fargo Bank, N.A., Mr. Cogswell, Mr. Pendleton, Ms. Pendleton, and the United States of America,

  I have been contacted by Chief Judge, Gina M. Groh, who presided over the above-mentioned case. Judge Groh informed me that it has been brought to her attention that while she presided over the case, her husband owned stock in Wells Fargo. Her husband's ownership of stock neither affected nor impacted her decisions in this case, which was terminated after settlement upon entry of an Agreed Order of Dismissal with no substantive orders issued by Judge Groh. However, her husband's stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Groh directed that I notify the parties of the conflict.

  Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

  [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will

    decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Groh's disclosure of a conflict in this case. Should you wish to respond, please submit your response in writing by filing it on the docket of this case on or before **October 13, 2021**. Any response will be considered by another judge of this court without the participation of Judge Groh.

    Sincerely,

    *Cheryl Dean Riley*

    Cheryl Dean Riley,
    Clerk of Court